IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YERACHMIEL PINCHAS HALEIVI, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-2409 |
| | : | |
| G. COSBY, *et al.*, | : | |
| Defendants. | : | |

MEMORANDUM

BAYLSON, J.                                                                                                    AUGUST 18, 2021

Plaintiff Yerachmiel Pinchas Haleivi, a resident of Philadelphia who is proceeding *pro se*, filed this civil action alleging due process claims against the Philadelphia Housing Authority ("PHA") and its representative, G. Cosby. (ECF No. 2.) Haleivi also seeks leave to proceed *in forma pauperis*. (ECF No. 1.) For the following reasons, Haleivi will be granted leave to proceed *in forma pauperis*, and his Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Haleivi will, however, be given an opportunity to file an amended complaint.

I.      FACTUAL ALLEGATIONS

The factual allegations of the Complaint suggest that Haleivi received an "undue notice of termination" from PHA representative Cosby regarding Haleivi's participation in the Housing

Choice Voucher Program.[1] (ECF No. 2 at 3.)[2] More specifically, Haleivi asserts that on February 23, 2021, he received a PHA notice, which was mailed on February 12, 2021, advising him that he needed to complete the "Housing Vocher Program Recertification" before the deadline of February 24, 2021.[3] (*Id.* at 3, 11.) Haleivi avers that he promptly completed the recertification online on February 24, 2021 and received a confirmation following its completion. (*Id.* at 3.) However, on March 1, 2021, Haleivi received a "Notice to Terminate Housing Assistance Payments." (*Id.* at 3, 8.) Haleivi avers that the notice was printed on February 24, 2021 and mailed on February 26, 2021. (*Id.* at 3, 8-9.) The notice indicated that Haleivi failed to return his recertification packet. (*Id.* at 3, 8.) The notice provides, in pertinent part, as follows:

**NOTICE TO TERMINATE HOUSING ASSISTANCE PAYMENTS**

Dear Yerachmiel P Haleivi,

You are hereby notified that the Philadelphia Housing Authority intends to terminate your Housing Choice Voucher Housing Assistance payments effective: **5/31/2021**. The reason for the termination is: **Inc. Recertification-Did not return recert packet**.

.  .  .

You may request a hearing to challenge the proposed termination by signing and sending the enclosed Participant Hearing Request Form to the Philadelphia Housing Authority. **THIS REQUEST MUST BE SENT WITHIN TEN (10) BUSINESS DAYS TO:**

---

[1] According to the PHA website, PHA provides rental assistance to low-income families in the private rental market through the Housing Choice Voucher Program, which is funded by the U.S. Department of Housing and Urban Development ("HUD"). The program, formerly known as Section 8, was created by the Housing and Community Development Act of 1974, as amended. *See About the Housing Choice Voucher Program*, available at http://www.pha.phila.gov/housing/housing-choice-voucher.aspx (last visited July 30, 2021).

[2] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

[3] Halievi attached a copy of the notice to his Complaint. The attachment indicates that this was Haleivi's second notice of the recertification reminder. (ECF No. 2 at 11.)

> Philadelphia Housing Authority
> Housing Choice Voucher Programs
> 2013 Ridge Avenue Philadelphia, PA 19121
> Attention: G Cosby
>
> . . .
>
> If you request a hearing, your Housing Choice Voucher benefits will continue until a decision is final.

(*Id.* at 8.) (emphasis in original).

In response to the notice, Haleivi sent an email to PHA on March 2, 2021 "demanding correction" and advising PHA that his recertification was timely submitted online as instructed. (*Id.* at 3, 32.) Haleivi also indicated in his email that he planned to file a lawsuit in "U.S. District Court for $1,000,000.00" and submit a "criminal complaint to the U.S. Attorney to investigate and prosecute you for corruption and conspiracy," further indicating that "the best place for people like you is FEDERAL PRISON." (*Id.* at 32.) On March 3, 2021, Haleivi sent a similar letter to PHA, dated March 2, 2021, and received a confirmed delivery from UPS. (*Id.* at 3, 42-44.) Haleivi also included a completed "Participant Request for Hearing Form," which he signed on March 2, 2021. (*Id.* at 34-35.) On March 21, 2021, Haleivi sent an online message to the PHA website. (*Id.* at 3, 46.) Haleivi sent a "final notice" to PHA via facsimile on April 8, 2021. (*Id.* at 3, 48-50.) Haleivi asserts that he has not yet received a response and correction, and the lack of response "poses a grave threat" to his living situation. (*Id.* at 3.) The Court notes that the address provided by Haleivi to the Clerk of Court when he filed his Complaint is the same address on all of the notices from PHA. It appears, therefore, that Haleivi is still residing at the same address.

Haleivi asserts that Cosby and "whoever at PHA was responsible for the inconsistent mailing has gravely threatened" his living situation by "unduely terminating a federal housing

rent payment and instructing [him] to request an unnecessary hearing." (*Id.*) Haleivi requests that this Court overrule the "Notice to Terminate" and "unannounced PHA inspections," order the PHA to "desist from undue and premature notices of termination or 'pending termination,' . . . and to desist from undue requirements." (*Id.* at 4.) Haleivi seeks damages, estimated in the amount of $1,000,000.00, because PHA "has set [him] up as an enemy with abuse of power" by unduly threatening and distressing him. (*Id.*) He asserts that PHA's "presumptuous and excessive action may eventually cause [him] to be evicted from [his] apartment into substandard living . . . only to be placed on a waiting list for an indefinite number of years for another Section 8 apartment." (*Id.*) Haleivi further contends that PHA "is in need of correction in its policies, hiring employees, and instsructing them, because they are violating the law of due process." (*Id.*)

## II.     STANDARD OF REVIEW

The Court will grant Haleivi leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Haleivi is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

Haleivi contends that PHA and Cosby violated his constitutional due process rights by sending him a notice of termination for failing to return his recertification documentation for the Housing Choice Voucher Program even though Haleivi had completed the recertification online on the last day of the deadline.[4] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

"Fundamentally, procedural due process requires notice and an opportunity to be heard" in a meaningful time and manner. *Mancini v. Northampton Cty.*, 836 F.3d 308, 315 (3d Cir. 2016) (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). Here, Haleivi has not alleged that he was denied a meaningful opportunity to be heard with respect to his recertification so as to state a procedural due process claim. The Complaint, and the attachments thereto, reflect that Haleivi was permitted to request a hearing (*see* ECF No. 2 at 8), which he did on March 2, 2021 (*id.* at 34-35), and was advised that if a hearing is requested, his housing choice voucher benefits would continue until a decision is final. (*Id.* at 8.) It is not clear what other procedure Haleivi claims should have been provided to him as a constitutional matter. Moreover, Haleivi has not provided any evidence that he was not given a fair hearing, and there are no allegations in the Complaint that his participation in the voucher program was terminated. Rather, based on the address provided when filing his Complaint, it appears that Haleivi is still residing at the same address. For these reasons, Haleivi has not stated a procedural due process claim. Further, to the

---

[4] Haleivi's Complaint also references the Eighth Amendment, which prohibits the federal government from imposing unduly harsh penalties on criminal defendants and has no applicability here.

extent Haleivi is raising a substantive due process claim, the conduct described in the Complaint is not "conscience-shocking" in a manner that would give rise to such a claim. *See Miller v. City of Philadelphia*, 174 F.3d 368, 375 (3d Cir. 1999).

Additionally, to state a § 1983 claim against PHA, Haleivi must allege that a policy of custom of this entity caused the violation of his constitutional rights. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *see also Watson v. Abington Tp.,* 478 F.3d 144, 155 (3d Cir.2007) ("[M]unicipal liability under 42 U.S.C. § 1983 cannot be based on the *respondeat superior* doctrine, but must be founded upon evidence that the government unit itself supported a violation of constitutional rights."). To satisfy the pleading standard, a plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was." *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). Haleivi's assertion that PHA "is in need of correction in its policies, hiring employees, and instructing them, because they are violating the law of due process" is conclusory. Haleivi does not specify the exact custom or policy that he alleges resulted in a violation of his constitutional rights, s*ee McTernan*, 564 F.3d at 658, nor does he allege adequate facts to demonstrate that the PHA failed to supervise, train, or discipline its employees in a manner that amounts to a violation of his Constitutional rights. *See Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). Nothing in the Complaint suggests that the conduct complained of by Haleivi stemmed from a custom or policy of PHA. *See Lee v. Petrolichio*, 697 F. App'x 112, 113 n.5 (3d Cir. 2017) (*per curiam*).

**IV.   CONCLUSION**

For the foregoing reasons, the Court will grant Haleivi leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim, pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii).  However, the Court will give Haleivi an opportunity to file an amended complaint in the event he can cure the defects in his claims.  An appropriate Order follows.

**BY THE COURT:**

**/s/ MICHAEL M. BAYLSON**

**MICHAEL M. BAYLSON, J.**